United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE COLEMAN, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03442 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AMGUARD INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT

This is an insurance dispute regarding a weather-related event in Houston, Texas, on January 6, 2021. Defendant AmGuard Insurance Company issued the subject policy covering the home of Plaintiff Ronnie Coleman.

Generally stated, Coleman asserts claims for breach of contract, breach of the duty of good faith and fair dealing, knowing and intentional conduct under the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, fraud, and conspiracy. Dkt 1. It's undisputed that AmGuard investigated two claims made by Coleman and made payments as to each under the policy. See Dkts 15 at 3–4 (citing evidence) & 17 at 4, 8 (noting payments made). Even so, Coleman argues that AmGuard "severely under-scoped and undervalued" the loss by "refusal to fully compensate the Plaintiff for damages suffered." Dkt 17 at 4.

Pending is a motion by AmGuard under Rule 56(a) of the Federal Rules of Civil Procedure for summary judgment as to all claims. Dkt 15. AmGuard notes that Coleman failed to respond to written discovery requests,

including requests for admissions. Id at 6; see also Dkts 6 (scheduling order) & 11 (minute entry for initial conference). It also submits evidence establishing that it's entitled to judgment as a matter of law because there was no hail event on the subject date that caused exterior property damage warranting the roof replacement obtained by Coleman, and there were no other damages related to a pipe leak that weren't compensated by payments made. See generally id at 3–6 (specifying evidence).

Important here is the fact that AmGuard served two sets of requests for admissions. See Dkts 15-6 & 15-7. Coleman didn't respond to either set. His response entirely ignores this fact, neither giving an excuse for his failure in the first instance, nor seeking relief from the deemed admissions now. Dkt 17. Yet these admissions make it impossible for him to resist summary judgment on his claims.

Rule 36(a)(3) of the Federal Rules of Civil Procedure states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Subsection (b) further specifies in relevant part, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

The Fifth Circuit holds that unanswered requests for admission are deemed admitted and conclusively established. *In re Carney*, 258 F3d 415, 418 (5th Cir 2001); see also Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 2264 (3d ed 2010). Each of the following items are thus conclusively established as proffered to Coleman in the first set of requests for admissions:

1. Admit that Plaintiff Ronnie Coleman filed a claim regarding alleged hail and wind damage occurring on or around January 6, 2021.

2. Admit that Plaintiff Ronnie Coleman filed a claim regarding water damage from a pipe leak reported to have occurred sometime after January 6, 2021.
3. Admit that the upstairs middle bedroom ceiling stain pre-existed the alleged January 6, 2021, hail and wind event.
4. Admit that the master bedroom closet ceiling stain resulted from a pipe leak that occurred after January 6, 2021.
5. Admit that Defendant has compensated Plaintiff for all damages solely attributable to the January 6, 2021, hail and wind event under claim number GHAG21030926.
6. Admit that Defendant has compensated Plaintiff for all damages solely attributable to the pipe leak event under claim number ROHO384362-001-001-001.
7. Admit that Defendant properly applied depreciation to determine the actual cash value payment to Plaintiff for hail and wind damages.
8. Admit that Defendant properly and timely investigated Plaintiff's claims arising under the Policy.
9. Admit that Plaintiff bears the burden of segregating his damages among separate covered and uncovered causes.
10. Admit that Plaintiff bears the burden of segregating any damages caused by hail and wind from those caused by the unrelated pipe leak.
11. Admit that Defendant fully complied with all terms, provisions, conditions, endorsements, and exclusions contained in the Policy.
12. Admit that Defendant properly investigated Plaintiff's claims.
13. Admit that Defendant has not breached any term of the Policy.

14. Admit that Defendant timely paid Plaintiff all covered amounts owed under the Policy.
15. Admit that the payments made to Plaintiff equaled or exceeded the actual damages caused solely by covered perils.
16. Admit that Defendant reasonably relied on inspections, expert reports, estimates, weather data, and claim history in evaluating Plaintiff's claims.
17. Admit that Defendant had a reasonable basis for positions taken on coverage and claim determinations.
18. Admit that Defendant provided reasonable explanations to Plaintiff for its positions.
19. Admit that Defendant did not place its own financial interests ahead of Plaintiff's interests under the Policy.
20. Admit that Defendant acted in good faith at all times towards Plaintiff in the investigation and handling of Plaintiff's claims.
21. Admit that Plaintiff's only alleged damages arise from Defendant's alleged failure to pay the full amounts claimed under the Policy.
22. Admit that Plaintiff has not alleged any damages or out-of-pocket expenses unrelated to the Policy benefits or proceeds.
23. Admit that Plaintiff completed repairs to the master bedroom closet ceiling before Defendant's inspection on January 9, 2023.
24. Admit that Plaintiff has not provided sufficient documentation to justify the full invoiced amount of $4,140.00 for repairs to the master bedroom closet ceiling.
25. Admit that Plaintiff has not produced the roofing contract, invoices or receipts for the roof replacement already completed and paid for by Plaintiff before Defendant's inspection.

26. Admit all of Plaintiff's claimed property damage repairs, regardless of cause of loss, have been paid and completed by Plaintiff as of November 17, 2023.

27. Admit all evidence of Plaintiff's claimed property damage repairs, regardless of cause of loss, has been produced to AmGuard showing they were paid and completed by Plaintiff as of November 17, 2023.

28. Admit all evidence of Plaintiff's claimed property damage repairs, regardless of cause of loss, has been produced to AmGuard showing such repairs were paid and completed by Plaintiff as of November 17, 2023.

29. Admit all evidence of Plaintiff's claimed property damage repairs, regardless of cause of loss, has not been produced to AmGuard showing such repairs were paid and completed by Plaintiff as of November 17, 2023.

30. Admit you have not provided an itemized list of damages and repairs explaining which repairs were caused by alleged hail damage as opposed to wind and leak causes as of November 17, 2023.

31. Admit you have not provided an itemized list of damages and repairs explaining which repairs were caused by alleged wind damage as opposed to hail and leak causes as of November 17, 2023.

32. Admit you have not provided an itemized list of damages and repairs explaining which repairs were caused by alleged leak damage as opposed to hail and wind causes as of November 17, 2023.

33. Admit you have never spoken with a licensed attorney from the Dick Law Firm as of November 17, 2023.

34. Admit you have spoken with people, who are not licensed attorneys, about your claims in this lawsuit prior to November 17, 2023.

Dkt 15-6 at 3–5 (emphasis added).

And these further items are also all conclusively established as proffered to him in the second set of requests for admissions:

1. Admit that you made a hail damage claim on March 29, 2021.
2. Admit that your property at 3010 Deer Xing, Missouri City, TX 77459 was inspected by AmGuard in relation to claim GHAG21030926.
3. Admit that an Eberl Estimate was provided on April 9, 2021, outlining various items related to your claim with a total actual cash value (ACV) of $13,420.25.
4. Admit that you received a denial letter for the hail damage claim to his home on April 16, 2021.
5. Admit that the denial of the claim was based on NARS' finding that there was no hail event close enough to the insured location.
6. Admit that an email was sent on April 16, 2021, discussing the denial of the claim due to the absence of a hail verification report.
7. Admit that AmGuard extended coverage for the hail claim despite a lack of evidence of a weather event on the date of loss you claimed for hail damage.
8. Admit that on or around April 27, NARS applied the limited loss settlement on the roof surfacing endorsement to the damages found in the Eberl Estimate.
9. Admit that the Eberl Estimate detailed quantities, prices, and ACV for each line item, with a total ACV of $14,447.28.
10. Admit that on June 7, 2021, AmGuard received the contractor's final invoice with photos for claim GHAG21030926.
11. Admit that AmGuard made a payment of $3,853.12 to Coleman after accounting for replacement cost,

supplement, and withheld recoverable depreciation.

12. Admit that on August 25, 2021, Plaintiff's attorney, Eric Dick, sent a letter to AmGuard invoking appraisal for the hail claim.
13. Admit that claim ROHO133648-001-001-001 and claim GHAG21030926 relate to the same damage to your property.
14. Admit that there is a limited loss surfacing endorsement in the Policy that covered the hail claim.
15. Admit your benefits are reduced in proportion to the age of your roof under the Policy and the surfacing endorsement.
16. Admit your roof was 15 years old at the time of the hail claim.
17. Admit that you have filed more than one lawsuit related to damage at the Property.
18. Admit that on December 2, 2022, a letter was sent to you informing you of unsuccessful attempts to contact him regarding the claim.
19. Admit that a letter was sent on December 9, 2022, requesting contact from you and discussing coverage and liability for damages.
20. Admit that you reported a new claim on January 4, 2023, alleging a date of loss of October 26, 2022 (ROHO384362).
21. Admit that you stated he was out of town for about a month and a half and discovered water damage only upon returning home.
22. Admit that the total amount for the plumber invoice for all plumbing repairs for the loss on October 26, 2022 was $9,694.00.
23. Admit that Fair Deal initially found the loss on October 26, 2022, was below the deductible.
24. Admit that you sent receipts and an inventory list to AmGuard for various items on January 31, 2023.

25. Admit that repairs were completed on February 3, 2023.
26. Admit that you sent in the bills and photos from the repairs to AmGuard in February of 2023.
27. Admit that AmGuard paid you $6,598.00 on February 9, 2023, $4,140.00 under the Dwelling Coverage and $2,458.00 under the Personal Property Coverage.
28. Admit that the demand letter sought $75,826.60 in Recoverable Cost Value and $10,000 in attorney's fees.
29. Admit that the demand letter was supported by an estimate from Quantum Claim Consulting Services.
30. Admit that your demand did not factor in the limited loss settlement endorsement, which reduces benefits proportionately according to the age of the roof.
31. Admit that on August 23, 2022, the Dick Law Firm filed a lawsuit on behalf of you against AmGuard in Fort Bend County.
32. Admit that the lawsuit alleges that AmGuard did not fully compensate for a covered property loss on claim GHAG21030926.
33. Admit no other claims in your Original Petition are based on any specific facts.
34. Admit that you reported discoloration in the upstairs ceiling sheetrock for hailstorm damage on March 29, 2021.
35. Admit that you stated branches fell on your roof due to the big freeze in February of 2021.
36. Admit that you have not answered mandatory, initial disclosures.
37. Admit there are overlapping damages caused by different events at the Property.
38. Admit you are not aware of Eric Dick personally doing any work on your file.

39. Admit you have never spoken directly with Eric Dick.
40. Admit you have never shaken Eric Dick's hand.
41. Admit you have never looked Eric Dick in the eye.
42. Admit you had ceiling damage from water in both claim ROHO133648-001-001-001 and claim GHAG21030926.
43. Admit you did nothing to mitigate water damage after noticing AmGuard of the hail claim.
44. Admit there is damage from both claim ROHO133648-001-001-001 and claim GHAG2103-0926 remaining in your Property.
45. Admit you failed to notice AmGuard of the leak in claim ROHO133648-001-001-001 for roughly three months.

Dkt 15-7 at 3–5 (emphasis added).

These facts are all admitted and undisputed. And they are more than sufficient to justify entry of summary judgment in favor of AmGuard on all claims brought by Coleman in this action. In short, these deemed admissions establish that AmGuard complied with the policy by (i) conducting a reasonable investigation into the reported damages, (ii) properly evaluating what repairs the policy covered based on then-available information, and then (iii) paying all reasonably owed benefits.

As noted by AmGuard in reply, Coleman's response is utterly generic and non-specific, sharpening no genuine dispute as to any material fact. Dkt 18 at 2. This is so for several reasons.

*First,* there's no duty on this Court to sift through the record in search of evidence in support of opposition to summary judgment. *Doddy v Oxy USA, Inc*, 101 F3d 448, 463 (5th Cir 1996); *Jones v. Sheehan, Young & Culp, PC*, 82 F3d 1334, 1338 (5th Cir1996). Coleman suggests that there's "evidence in the claims file," "ample evidence of Defendant's violations," and the like, even as he fails to specify with particularity that evidence. Dkt 17 at 14, 18. Nothing from the claims file is attached to his response.

9

See id at 5 (attaching only Coleman affidavit, meteorologist report, and damages estimate). This lack of evidence is particularly glaring in response as to the extra-contractual claims, with any search being utterly in vain for citation to actual evidence despite conclusory assertions of fact in support such claims. See id at 10–19.

*Second,* the affidavit submitted by Coleman is properly excluded as contrary to the dictates of Rule 36(b). See Dkt 17-1. In simple terms, Coleman is saddled with the above, very long list of admissions as things that he himself has conclusively admitted in this action. And again, nothing accounts for this litany of deemed admissions that entirely and conclusively refute his affidavit.

*Third,* information from putative experts is also properly excluded. The deadline for designation of experts and the exchange of reports fell in March 2023. See Dkt 6 (scheduling order). Coleman failed to meet this deadline and has sought no relief from it. Yet he attached expert affidavits with his response in January 2024. See Dkts 17-2 (report of Greg Degeyter, meteorology) & 17-3 (report of Richard Gadrow, damages). AmGuard rightly notes that such proffers are untimely and not at all in conformance with procedural rules as to experts. Dkt 18 at 3. Those affidavits are thus stricken for purposes here, as those putative experts wouldn't be permitted to testify at any trial.

The motion for summary judgment by Defendant AmGuard Insurance Company is GRANTED. Dkt 15.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on September 30, 2024, at Houston, Texas.

*[signature: CREskridge]*

Hon. Charles Eskridge
United States District Judge